DOWNEY, Judge.
Appellant, Save Our County Coalition, purportedly acting under an initiative provision of the Broward County Charter, prepared and circulated a petition calling for the adoption by referendum of an ordinance directing an eighteen month moratorium for zoning and building in Broward County or a portion thereof. When the number of signatures required by the Broward County Charter were obtained, the petition was presented to the Supervisor of Elections for certification and submission to the Board of County Commissioners of Broward County.
Appellee sued to enjoin the Board of County Commissioners and the Supervisor of Elections (a) from spending public funds to count the signatures on the initiative petition, and (b) from placing the proposed ordinance on any ballot. The evidence adduced at final hearing showed the title to the proposed ordinance is:
AN ORDINANCE RELATING TO LAND USE PLANNING; REQUIRING DEFERMENT OF FINAL DECISION ON PETITIONS FOR ZONING OR REZONING, DEFERRING GRANTING OF BUILDING PERMITS, FOR A LIMITED PERIOD OF TIME, WITHIN A PORTION OF THE SOUTH WEST QUADRANT OF BROWARD COUNTY, FLORIDA, PROVIDING FOR THE TERMINATION OF THE ORDINANCE, AND PROVIDING FOR THE EFFECTIVE DATE.
The body of the ordinance in Section 1(h) defined the boundaries of the area involved as:
“On the South by the southern boundary of Broward County, on the west by the central and southern flood control district’s dikes, on the north by State Route 84 and on the east by Flamingo Road,
However, Section II of the ordinance in question provides:
“Section II. Each local government of Broward County having jurisdiction to grant zoning or rezoning petitions shall defer for the duration of this Ordinance any final decision on any such Petition.”
There was testimony in the record by an expert in land surveying that the word “quadrant” used in the title to the ordinance is an imprecise term as regards land descriptions. But in any event, the legal description contained in Section 1(h) would not fall within the southwest quadrant of Broward County. This is so because the description of the western boundary of the area as the Central and Southern Florida Flood Control District’s dike is uncertain, as there are at least three major dikes in the area, and any one of those dikes could be the western boundary.
The trial court ruled that the proposed ordinance was facially invalid, and he enjoined the Broward County Election officials from placing the proposed ordinance on any ballot. The Coalition and Broward County have each appealed from the final judgment containing those rulings.
Among other reasons the trial court gave for finding the proposed ordinance facially invalid was the failure of the ordinance to comply with Section 125.67, Florida Statutes (1975). In material part that statute provides:
“Every ordinance shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title.”
Because of the description of the western boundary of the area the ordinance would apply to, the subject of the proposed ordinance was not “briefly” described in the title.
Our appellate function is to determine from the record whether there is any competent substantive evidence to support the judgment under review. Our study of the record impels us to the conclusion that the judgment is adequately supported by the proof adduced.
Appellee has cross assigned as error the failure of the trial court to rule on its contention that the Broward County Char *1114 ter does not authorize the enactment of new ordinances by the initiative and referendum. Having found that the proposed ordinance was invalid on its face, the trial court declined to pass on the question involved in the cross assignments of error. Because the trial court resolved that the proposed ordinance was invalid on its face, he was not compelled to rule on the initiative and referendum question. We also decline to pass on the question.
In view of the foregoing the judgment appealed from is affirmed.
AFFIRMED.
ALDERMAN, C. J., and GREEN, OLIVER L., Associate Judge, concur.